UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 13 2015 ★
LONG ISLAND OFFICE

---------------------------------------------------------------X

Frank Manfredo

                             Plaintiff

-against-

Experian Information Solutions, Inc. and
Verizon Communications, Inc.

                            Defendant

---------------------------------------------------------------X

Docket No.

**CV-15 1312**

WEXLER, **COMPLAINT AND DEMAND FOR JURY TRIAL**

LINDSAY, M**TRIAL BY JURY DEMANDED**

## I. INTRODUCTION

1. Plaintiff is suing the Defendants because the Defendants continue to knowingly and willfully report false credit information about the Plaintiff, despite being advised that information relates to somebody else.

2. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C 1681 et seq. (hereinafter "FCRA"); and the New York Fair Credit Reporting Act. (hereinafter "NY FCRA").

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. Section 1681p; 28 U.S.C Section

1367; and 28 U.S.C. § 1331. Venue in this District is proper in that Plaintiff resides in this District, the Defendant transacts business in this district, and the conduct complained of occurred in this district.

## III. PARTIES

4. Plaintiff Frank Manfredo is an adult resident citizen of Suffolk County, New York. Frank Manfredo is a consumer as defined by the FCRA.

5. Defendant Verizon Communications, Inc. (hereinafter, "Verizon") is a furnisher of information as contemplated by FCRA section 1681 s-2(a) & (b), that regularly and in the ordinary course of business, furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with consumers.

6. Defendant Experian Information Solutions, Inc. (hereinafter, Experian) is an Ohio corporation authorized and registered to do business in the State of New York. Experian is a "consumer reporting agency" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. Section 1681a (f).

7. The phrase "credit report" as used herein is meant to refer to "consumer report" as defined under the FCRA.

8. The phrase consumer reporting agency or "CRA" as used herein is meant to refer to a consumer reporting agency as defined by the FCRA.

## IV. FACTUAL BACKGROUND

9. As of August 2014, the Defendant Verizon was reporting to the credit report agencies

referred to as Experian, Trans Union, and Equifax, that the Plaintiff was delinquent in the payment of a debt to the Defendant Verizon. (hereinafter, the "Verizon account" or the "Verizon debt")

10. Plaintiff did not, and does not, have any account with Verizon, and had no relationship with Verizon whatsoever.

11. The debt that the Verizon was reporting was apparently related to another person other than Plaintiff.

12. The Defendant Experian created and distributed credit reports falsely indicating that the Plaintiff owed a delinquent debt to Verizon.

13. In September 2014 Plaintiff disputed with Equifax, Experian, and Trans Union the credit information that Verizon was reporting. Plaintiff forwarded such written disputes to Experian, Equifax, and Trans Union.

14. Experian received Plaintiff's September 2014 dispute letter.

15. The Plaintiff's September 2014 dispute letter sent to Experian, Equifax, and Trans Union informed Experian that the Verizon account was not associated with the Plaintiff.

16. After the credit reporting agencies received Plaintiff's September 2014 dispute letter, the Verizon account was deleted from Plaintiff's Trans Union, and Equifax credit files. The false and derogatory information however was not deleted from Experian's credit files.

17. Upon receipt of the Plaintiff's September 2014 dispute letter, Experian contacted Verizon and informed Verizon of Plaintiff's dispute.

18. In response, Verizon "verified" to Experian that the Verizon account should continue to be reported on Plaintiff's credit report, resulting in Experian continuing to report the false and derogatory information on Plaintiff's Experian credit report. At that time that Verizon verified this information, Verizon knew or should have known that the information was not related to the

Plaintiff.

19. Experian failed to perform a reasonable investigation of the Plaintiff's disputes relating to the information Verizon was reporting.

20. In responding to the Plaintiff's disputes, Experian merely did what Verizon told them to do, and nothing more.

21. Experian had information within its dominion and control indicating that the Verizon account related to someone other than the Plaintiff.

22. Experian had reason to know that the Verizon account did not relate to the Plaintiff.

23. Notwithstanding the Plaintiff informing the Defendants of the false and derogatory reporting, and notwithstanding the Defendants' knowledge of the illegal reporting, the Defendants chose to continue to report the false and derogatory information about the Plaintiff. The Defendants acted with knowledge, or in the minimum, and reckless disregard for the Plaintiff's rights in this regard.

24. In December 2014, the Plaintiff again disputed the false and derogatory Verizon account information. (hereinafter, the "second dispute")

25. Upon receipt of the Plaintiff's second dispute, Experian chose not to investigate the Plaintiff's dispute any further, and continued to report the false and derogatory information.

26. Following the Defendants' failure to properly investigate and correct the erroneous and credit information in response to the Plaintiff's requests, the Plaintiff was denied credit at the best possible terms substantially due to the Defendants' illegal actions as described herein.

27. Creditors and potential creditors viewed the Plaintiff's credit reports which contained the illegal credit information.

## V. CAUSES OF ACTION UNDER THE
## FEDERAL FAIR CREDIT REPORTING ACT

28. Plaintiff repeats the foregoing paragraphs as if fully restated herein.

29. Defendant Verizon furnishes credit information to the national credit reporting agencies and thus have duties under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

30. Upon receipt of Plaintiff's disputes to Experian, Defendant Verizon was under a duty to perform a reasonable investigation with respect to the disputed information pursuant to 15 U.S.C. § 1681s-2(a) and 15 U.S.C. § 1681s-2(b) of the Fair Credit Reporting Act. Defendant Verizon failed to perform a reasonable investigation of the Plaintiff's dispute and "verified" to Experian that the erroneous credit information should continue to appear in the Plaintiff's credit file. Defendant Verizon's actions as alleged herein constitute a negligent and/or willful violation of the Fair Credit Reporting Act.

31. 15 U.S.C. § 1681i requires Defendant Experian to perform a reasonable investigation of the Plaintiff's disputes of the erroneously reported credit information relating to Verizon appearing on Plaintiff's Experian credit report. Experian negligently and/or willfully violated 15 U.S.C. § 1681i by failing to reasonably investigate the Plaintiff's disputes.

32. 15 U.S.C. § 1681e(b) requires Defendant Experian to maintain reasonable procedures to assure maximum possible accuracy of the Plaintiff's credit history. Defendant Experian negligently and/or willfully violated 15 U.S.C. § 1681e(b) by failing to maintain reasonable procedures to assure maximum possible accuracy of the Plaintiff's credit history.

33. Pursuant to 15 U.S.C. § 1681o of the Fair Credit Reporting Act, the Experian's actions in negligently violating the Fair Credit Reporting Act entitle the Plaintiff to recovery of his actual damages as well as attorneys' fees and costs. In addition, Experian's actions in willfully violating

the Fair Credit Reporting Act entitle the Plaintiffs to the recovery of actual damages, statutory damages, punitive damages, attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

## VI. CAUSES OF ACTION UNDER THE NEW YORK STATE FAIR CREDIT REPORTING ACT

34. Plaintiffs repeats the foregoing paragraphs as if fully restated herein.

35. Defendants Experian violated the New York Fair Credit Reporting Act (NY CLS Gen Bus § 380-j (2013)) by making consumer reports containing information that Experian had reason to know was not accurate.

36. The Verizon account was not related to the Plaintiff, and the Plaintiff had informed Experian of this. Despite the Plaintiff's informing the Defendant of this, Experian continues to report the false information on Plaintiff's credit profile, and continues to report such false information to third parties.

37. Information within Experian's possession, dominion, and control, confirm that the Verizon account is not related to the Plaintiff. Despite this information, and despite Plaintiff's protestations, Experian continued and continues to make consumer reports relating to the Plaintiff that contains the false credit information.

38. The New York General Business Law prohibited Experian from making a consumer report relating to the Plaintiff that contained the Verizon account.

39. Experian and Trans Union did made consumer reports in 2015 and 2015 that contained the Verizon account.

40. Pursuant to NY CLS Gen Bus § 380-m of the New York Fair Credit Reporting Act, Experian's actions in negligently violating the New York Fair Credit Reporting Act entitle the

Plaintiffs to recover his actual damages as well as attorneys' fees and costs. In addition, Experian's actions in willfully violating the New York Fair Credit Reporting Act entitle the Plaintiffs to the recovery of actual damages, punitive damages, attorneys' fees and costs, pursuant to 15 U.S.C. § 1681-l.

41. Experian's making of a consumer report in the future containing the Verizon debt would cause the Plaintiff future harm, the nature of which the New York Fair Credit Reporting Act was intended to prevent. Plaintiff requests that the Court restrain and enjoin Experian from making a consumer report relating to the Plaintiff that contains the Verizon account.

## VII. DAMAGES.

42. Because of the acts and omissions of Defendants as herein described, the Plaintiff has suffered, amongst other damages, financial loss, denials of credit on best terms, loss of credit, worry, embarrassment, and pre-litigation costs. In addition, the Plaintiff has incurred and will continue to incur litigation expenses and litigation attorneys' fees which, but for the acts and omissions of Defendants alleged herein, would not have been necessary. Further, Defendants' acts and omissions are willful, malicious and demonstrative of a reckless disregard for the Plaintiffs' rights and well being.

43. As a result of Defendants' willful violations of 15 U.S.C. § 1681 et seq. their malicious defamations of the Plaintiff's good name the Plaintiff is entitled to punitive damages from Defendants.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendants, for the following relief, together with interests, costs, and disbursements of this

action:

(A) Statutory damages;

(B) Actual damages;;

(C) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(D) Punitive damages;

(E) Injunctive relief as requested herein;

(F) Any other relief this Court deems appropriate and just.

Respectfully submitted,

JOSEPH MAURO (8295)
THE LAW OFFICE OF JOPSEPH MAURO, LLC
306 McCall Ave.
West Islip, NY 11795
Telephone: 631-669-0921
Facsimile: 631-669-5071

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demands trial by jury in this action.

S// Joseph Mauro
Joseph Mauro, Esq. (8295)
Attorney for Plaintiffs